FILED

JUL 5 - 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>FREDERICK LAMAR MARTIN,<br><br>    Defendant. | No. CR 12-00319 CW (DMR)<br><br>DETENTION ORDER |

## I. BACKGROUND AND INTRODUCTION

Defendant Frederick Lamar Martin is charged in an indictment with a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm and ammunition). On June 29, 2012, the United States moved for Mr. Martin's detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f). Pretrial Services prepared a full bail study, which recommended Mr. Martin's detention. On July 5, 2012, the court conducted a detention hearing. For the reasons stated below, the court orders that Mr. Martin be detained.

DETENTION ORDER
CR 12-00319 CW (DMR)                                          1
cc: Copy to parties via ECF, Pretrial Services, Nikki, 2 Certified to US Marshal

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release.  If the government does not meet its burden, the Court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or community danger.  Close cases should result in release "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c).  In non-capital cases, the court should deny pretrial release "only in rare circumstances." *Motamedi*, 767 F.2d 1403 at 1405 (citations omitted); *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.").

The court must order a defendant detained if it finds that it cannot fashion conditions to assure the defendant's appearance in court or the safety of the community or another person.  18 U.S.C. § 3142(e)(1).  The government bears the burden of proof on either prong.  To prove that no condition or combination of conditions can assure that the accused will appear at required court hearings, the government must show by a preponderance of the evidence that the accused is a flight risk. *United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990) (citing *Motamedi*, 767 F.2d at 1406).  The government must prove that the defendant poses a non-mitigable danger to the community through clear and convincing evidence. *Id.* (citing *Motamedi*, 767 F.2d at 1406).

Bail hearings generally proceed by proffer, and the rules of evidence do not apply.  18 U.S.C. § 3142(f)(2).  At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or

another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405 (citations omitted).

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

The indictment alleges that Mr. Martin, having previously been convicted of a felony, knowingly possessed a Sig Sauer .45 caliber pistol and nine rounds of ammunition. Mr. Martin is 30 years old and has lived in the East Bay of the San Francisco Bay Area his entire life. He graduated from high school in 2001. His only employment history has been as a seasonally employed car washer since 2010. He has one minor child. He is a regular marijuana user.

Mr. Martin has a substantial criminal record dating back to seven juvenile arrests in 1996-1997, including one for assault on a person with a semi-automatic firearm, as well as numerous juvenile drug or vehicle-related arrests. As an adult, he has sustained four felony convictions. Three were drug-related, and the most recent (2010) was for possessing a firearm. He also has three misdemeanor convictions. In addition, Mr. Martin has seven parole violations and seven probation revocations, one of which resulted in a three year prison sentence.

In light of Mr. Martin's long criminal record which includes multiple drug convictions and a weapons conviction, as well as the fact that much his criminal conduct occurred while Mr. Martin was on community supervision, the court finds clear and convincing evidence that Mr. Martin presents a danger to the community, and that no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the safety of any other person or the community. 18 U.S.C. § 3142(e) and (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

## III. CONCLUSION

Mr. Martin shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: July 5, 2012

DONNA M. RYU
United States Magistrate Judge

DETENTION ORDER
CR 12-00319 CW (DMR)                                   4